SMITH, *administrator, &c., of* WALKER, *against* LUD-
LOW, et al.

The plea of non-assumpsit to an action brought by the administrator, admits
the letters of administration as averred.

THE declaration in this cause consisted of a count on a
special promise, and of the common money counts, with
the usual *profert* of the letters of administration, to which
the defendant pleaded non-assumpsit and the statute of
limitations.

After the plaintiff had rested his cause, the defendant's
counsel called upon him to prove his title, by producing
the letters of administration.

SPENCER, J.    The plaintiff's title is admitted by the
course of pleading, he is not now bound to produce the let-
ters of administration ; had the defendants intended to ques-
tion his title, they ought to have pleaded in abatement.(1)

*Anthon* and *Gardenier*, for plaintiff.

*Ludlow* and *Emmet*, for defendants.

(1) In the case of *Watson et ux. administrator, &c.*, v. *King*, (4 Camp. N. P.
272,) which was an action of trover, to which the defendant had plead not
guilty.    *Topping*, for the defendant, among other objections, insisted that the
plaintiffs had not entitled themselves to sue as administrators, as they had
not given the letters of administration in evidence.    Garrow then offered to
put them in, if it was thought necessary, but Lord Ellenborough held, that
as there was a *profert in curiam* of the letters of administration, he must
suppose that they gave sufficient evidence of the plaintiff's representative

Smith, Adm'r. of Walker, v. Ludlow et al.

character, until the contrary was proved. A new trial seems afterwards to have been moved for, on this ground, and refused. The point, however, came up fully in the case of *Thyune* v. *Protheroe*, (2 Maule & Selwyn, 553,) which was an action of assumpsit brought by administrators. Plea, non assumpsit: and the court held, that the plea admitted that plaintiff was administrator, and the defendant had no right to insist on the production of the letters of administration. *Mansfield* v. *Marsh*, (2 Lord Raymond, 824, and 1 Salk. 38, 3d Res., cited in *Thyune* v. *Protheroe*,) are to the same effect. So, in the case of *Corsbie* v. *Oliver*, (1 Starkie, 76,) which was an action of debt on bond brought by plaintiffs as assignees of a bankrupt. Plea, *non est factum*. *Littledale*, for defendant, contended that it was incumbent on the plaintiffs to prove themselves assignees as stated in the declaration; but Lord Ellenborough held that the plaintiffs were not bound to show themselves assignees, upon the general principle, that a party who puts himself upon one issue admits all the rest. So, also, in the case of *Carpenter and Rose, overseers of the poor, &c.*, v. *Whitman et al.*, (15 Johns. 208,) it was held, that when overseers of the poor sue in that capacity, and are described as such in the proceedings, if the defendant pleads the general issue, the plaintiffs are not bound to prove that they are overseers: it is admitted by the plea.